IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENGT SALOMONSSON, <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> Case No. 2:24-cv-00677-JNP-JCB <br><br> District Judge Jill N. Parrish |

Before the court are two competing motions: (1) defendant ACE American Insurance Company's motion for summary judgment on all claims, ECF No. 24, and (2) plaintiff Bengt Salomonsson's motion for partial summary judgment, ECF No. 17. The court GRANTS ACE's motion for summary judgment and DENIES Salomonsson's motion for partial summary judgment.

**BACKGROUND**

Salomonsson is employed by Dynapar in Utah. Dynapar's parent company, Fortive Corporation, purchased automobile insurance from ACE for Dynapar employees. Fortive waived underinsured motorists (UIM) coverage for its Utah employees. The waiver form signed by Fortive contains the following notice regarding how much UIM coverage would cost:

> Additional premiums to purchase Underinsured Motorists Coverage with limits equal to the lesser of the limits of the Bodily Injury Liability Coverage (split limits) or Combined Single Limit for Liability Coverage in your policy or the maximum Underinsured Motorists Coverage Limits that we have available for your type of policy: $870

Salomonsson travelled to Minnesota on business for Dynapar and was injured in an automobile accident. Salomonsson alleges that the other driver was at fault and that the other driver's liability insurance policy limits were insufficient to fully compensate him for his injuries. Salomonsson asserted a UIM claim for compensation under the ACE insurance policy. ACE denied coverage.

Salomonsson sued ACE for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. He asserts that Fortive's waiver of UIM coverage was ineffective because the waiver form did not properly disclose the additional premiums needed to purchase UIM coverage as required by Utah law. Accordingly, Salomonsson contends that ACE's refusal to provide UIM coverage breached both the insurance contract and the implied covenant of good faith and fair dealing. He also argues that ACE committed fraud by telling him that his injuries were not covered under its policy. ACE moved for summary judgment on all three claims, asserting that the UIM coverage waiver form was effective because it contained all of the statutorily required disclosures. Salomonsson also moved for partial summary judgment, arguing that the waiver form was defective as a matter of law and that ACE had breached the insurance contract by denying coverage.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment on a claim is required if the party that bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

ANALYSIS

I.    ACE'S MOTION FOR SUMMARY JUDGMENT

*A.    Breach of Contract Claim*

ACE argues that it is entitled to summary judgment on the breach of contract clam because the waiver of UIM coverage executed by Fortive satisfied Utah's disclosure requirements.[1] There are no disputes of material fact as to the contents of the waiver form. Thus, ACE's argument presents the purely legal question of whether the disclosures in the waver form fulfilled Utah's statutory requirements for waiver of coverage.

Under Utah law, an automobile insurance policy must include UIM coverage unless waived by the named insured. UTAH CODE §§ 31A-22-302(1)(c), 31A-22-305.3(3)(b). The statutorily mandated UIM coverage is "equal to the lesser of the limits of the named insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the named insured's motor vehicle policy, unless a named insured rejects or purchases coverage in a lesser amount by signing an acknowledgment form that" meets several requirements. *Id.* § 31A-22-305.3(3)(b). One of the requirements for an effective waiver of UIM coverage is that the acknowledgment form "discloses the additional premiums required to purchase underinsured motorist coverage with limits equal to the lesser of the limits of the named insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the named insured's motor vehicle policy." *Id.* § 31A-22-305.3(3)(b)(v).

---

[1] ACE also contends that Utah law does not apply to waiver of UIM coverage in this case because the automobile accident occurred in Minnesota. Because the court agrees that the waiver was effective, it need not address this argument.

Focusing on the statutory language requiring disclosure of "additional premiums," Salomonsson argues that the waiver form signed by Fortive was ineffective because it disclosed only one additional premium to obtain UIM insurance that would satisfy the coverage limits dictated by § 31A-22-305.3(3)(b). He contends that a valid waiver form must give notice of at least two possible additional premiums: one premium for UIM coverage equal to the liability coverage of the policy, and another premium for the maximum UIM coverage available under the insured's motor vehicle policy.

Salomonsson's reading of § 31A-22-305.3(3)(b) is fundamentally flawed. This statute requires insurers to provide a mandated level of UIM coverage unless properly waived by the insured. This mandated UIM coverage limit is equal to the *lesser of* two options: (1) the insured's liability coverage limit *or* (2) the maximum UIM coverage limits available under the insured's motor vehicle policy. Mirroring this formula for calculating the required UIM coverage limit, subsection (3)(b)(v) requires disclosure of the additional premiums required to purchase this level of coverage. Thus, the term "additional premiums" refers to the cost of obtaining a single UIM coverage limit, and not two separate coverage limits, as suggested by Salomonsson. It would be absurd to read subsection (3)(b)(v) to require insurers to list two separate premium amounts for a single mandated UIM coverage limit. *Russian v. Liberty Mut. Ins.*, No. 2:24-cv-00864-RJS-JCB, 2025 WL 1455804, at *5 (D. Utah May 21, 2025) ("Plaintiff's proposed interpretation of the word 'premiums' would lead to the absurd result of requiring an insurer to disclose two premiums for the single Statutory Ceiling in order for its insured to properly reject UIM coverage.").

Moreover, the use of the plural "premiums" rather than the singular "premium" to refer to the cost of obtaining this minimum UIM coverage limit does not suggest that multiple premium amounts must be disclosed on a valid waiver form. The Utah Legislature's use of the term

"premiums" acknowledges that automobile insurance is typically billed as a recurring charge—e.g., monthly, quarterly, semiannually, or annually. Indeed, Utah courts routinely employ the term "premiums" to mean a series of payments for a single insurance policy. *See, e.g.*, *Doctors' Co. v. Drezga*, 218 P.3d 598, 603 (Utah 2009); *Walker v. Sandwick*, 548 P.2d 1273, 1274 (Utah 1976); *Cont'l Ins. Co. v. Kingston*, 114 P.3d 1158, 1162–64 (Utah Ct. App. 2005). Similarly, in the context of Utah's UIM coverage statute, the term refers to a recurrently charged amount for a single coverage limit.

The only other court that has addressed the interpretation of § 31A-22-305.3(3)(b)(v) advanced by Salomonsson has recently rejected his proposed reading of the statute. *Russian*, 2025 WL 1455804, at *5 ("Plaintiff's attempt to strictly interpret 'premiums' as requiring the disclosure of at least two premiums on [the insurer's] rejection form is unpersuasive."). This court agrees. Because the single additional premium amount disclosed on ACE's waiver form complied with the requirements of § 31A-22-305.3(3)(b)(v), the waiver of UIM coverage was effective. Accordingly, the ACE insurance policy provided no UIM coverage, and ACE is entitled to summary judgment on Salomonsson's breach of contract claim based on this insurance policy.

    B.    *Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing*

Salomonsson also alleges that ACE breached the implied covenant of good faith and fair dealing inherent to the insurance contract by refusing to provide UIM coverage. "The covenant of good faith and fair dealing provides that all parties to a contract will perform their obligations 'in the good faith manner that the parties surely would have agreed to if they had foreseen and addressed the circumstance giving rise to their dispute.'" *Vander Veur v. Groove Ent. Techs.*, 452 P.3d 1173, 1178 (Utah 2019) (citation omitted). But, as discussed above, ACE had no contractual obligation to provide UIM coverage because it had been properly waived. Because ACE had no

contractual obligation to provide coverage, it could not have an implied duty to provide this coverage. *See id*. at 1177 (holding that the covenant of good faith and fair dealing "cannot create rights and duties inconsistent with express contractual terms" (citation omitted)); *Sandoval v. State Farm Mut. Auto. Ins. Co.*, No. 1:21-cv-171-TC, 2022 WL 2257242, at *6 (D. Utah June 23, 2022) (ruling that a covenant of good faith and fair dealing claim failed as a matter of law because the insurance contract did not provide uninsured motorist coverage). Accordingly, the court grants summary judgment on Salomonsson's claim for breach of the implied covenant of good faith and fair dealing.

   C.  *Fraud Claim*

Finally, Salomonsson alleges that ACE committed fraud when it stated that he did not have UIM coverage under the ACE policy. In order to prevail on his fraud claim, Salomonsson must prove that this statement was false. *See State v. Apotex Corp.*, 282 P.3d 66, 80 (Utah 2012) (holding that a false representation is one of the elements of a fraud claim). Because ACE's representation that Salomonsson was not covered by a UIM provision was true, his fraud claim fails as a matter of law. ACE is entitled to summary judgment on this claim.

## II. SALOMONSSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT

For the same reasons that the court grants summary judgment in favor of ACE on all claims, the court denies Salomonsson's motion for partial summary judgment in his favor on the breach of contract claim.

## CONCLUSION

The court grants defendant ACE's motion for summary judgment in its favor. The court denies plaintiff Salomonsson's motion for partial summary judgment in his favor.

DATED February 24, 2026.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge